

# NUMBER 13-11-00426-CR

# COURT OF APPEALS

# THIRTEENTH DISTRICT OF TEXAS

# CORPUS CHRISTI - EDINBURG

---

PATRICK ONEAL PERKINS A/K/A
PATRICK O'NEAL PERKINS A/K/A
PATRICK ONEAL PERKINS,                                                    Appellant,

v.

THE STATE OF TEXAS,                                                       Appellee.

---

### On appeal from the 252nd District Court
### of Jefferson County, Texas.

---

# MEMORANDUM OPINION[1]

### Before Justices Rodriguez, Benavides, and Perkes
### Memorandum Opinion by Justice Rodriguez

---

[1] This case is before this Court on transfer from the Ninth Court of Appeals in Beaumont pursuant to an order issued by the Supreme Court of Texas. *See* TEX. GOV'T CODE ANN. § 73.001 (West 2005).

Appellant Patrick Oneal Perkins a/k/a Patrick O'Neal Perkins a/k/a Patrick Oneal Perkins entered a plea of guilty before the trial court to delivery of a controlled substance, a second-degree felony, with an agreed plea bargain for a term of probation. *See* TEX. HEALTH & SAFETY CODE ANN. § 481.112 (West 2010). The trial court found appellant guilty, assessed punishment at seven years in prison, suspended the sentence, and placed appellant on probation for a period of seven years pursuant to the plea agreement. Thereafter, the trial court determined that appellant had violated the terms of his community supervision, revoked appellant's community supervision, and assessed punishment at seven years' confinement in the Texas Department of Criminal Justice.

Determining that "the record presents no meritorious issues," counsel filed an *Anders* brief in which he reviewed the merits, or lack thereof, of the appeal. We affirm the judgment of the trial court.

## I. COMPLIANCE WITH *ANDERS*

Pursuant to *Anders v. California*, 386 U.S. 738, 744 (1967), appellant's court-appointed appellate counsel has filed a brief with this Court stating that he has diligently reviewed the record in this case and researched the law and has found no reversible error by the trial court, fundamental or otherwise. Counsel's brief meets the requirements of *Anders* as it presents a professional evaluation showing why there are no non-frivolous grounds for advancing an appeal. *See In re Schulman*, 252 S.W.3d 403, 407 n.9 (Tex. Crim. App. 2008) (orig. proceeding) ("In Texas, an *Anders* brief need not specifically advance 'arguable' points of error if counsel finds none, but it must provide record references to the facts and procedural history and set out pertinent legal

2

authorities.") (citing *Hawkins v. State*, 112 S.W.3d 340, 343-44 (Tex. App.—Corpus Christi 2003, no pet.)); *Stafford v. State*, 813 S.W.2d 503, 510 n.3 (Tex. Crim. App. 1991) (en banc).

In compliance with *High v. State*, 573 S.W.2d 807, 813 (Tex. Crim. App. [Panel Op.] 1978), appellant's counsel has discussed why, under controlling authority, there are no reversible errors in the trial court's judgment. Counsel has specifically noted that he reviewed the indictment, pleadings, the probation order, the revocation proceeding, and all other matters in the record and found no arguable grounds of error. Counsel has informed this Court that he has provided appellant with a copy of the brief and has informed appellant that he has the right to review the record and file a pro se response raising any ground of error or complaint which he may desire.[2] *See Anders*, 386 U.S. at 744; *Stafford*, 813 S.W.2d at 510 n.3. More than an adequate time has passed, and appellant has not filed a pro se response.[3] *See In re Schulman*, 252 S.W.3d at 409.

## II. INDEPENDENT REVIEW

Upon receiving an *Anders* brief, this Court must conduct a full examination of all proceedings to determine whether the case is wholly frivolous. *Penson v. Ohio*, 488 U.S. 75, 80 (1988). We have reviewed the entire record and counsel's brief, and we have found nothing that would arguably support an appeal. *See Bledsoe v. State*, 178 S.W.3d

---

[2] In the criminal context, the Texas Court of Criminal Appeals has held that "the pro se response [to a 'frivolous appeal' brief] need not comply with the rules of appellate procedure in order to be considered. Rather, the response should identify for the court those issues which the indigent appellant believes the court should consider in deciding whether the case presents any meritorious issues." *In re Schulman*, 252 S.W.3d 403, 409 n.23 (Tex. Crim. App. 2008) (quoting *Wilson v. State*, 955 S.W.2d 693, 696-97 (Tex. App.—Waco 1997, no pet.)).

[3] On December 13, 2011, this Court granted counsel's motion requesting that appellant be afforded thirty days in order to file a pro se response if he chose to do so.

824, 826-28 (Tex. Crim. App. 2005) ("Due to the nature of *Anders* briefs, by indicating in the opinion that it considered the issues raised in the briefs and reviewed the record for reversible error but found none, the court of appeals met the requirement of Texas Rule of Appellate Procedure 47.1."); *Stafford*, 813 S.W.2d at 509. Accordingly, we affirm the judgment of the trial court.

### III. MOTION TO WITHDRAW

In accordance with *Anders*, counsel has filed a motion to withdraw. *See Anders*, 386 U.S. at 744; *see also In re Schulman*, 252 S.W.3d at 408 n.17 (citing *Jeffery v. State*, 903 S.W.2d 776, 779-80 (Tex. App.—Dallas 1995, no pet.) ("If an attorney believes the appeal is frivolous, he must withdraw from representing the appellant. To withdraw from representation, the appointed attorney must file a motion to withdraw accompanied by a brief showing the appellate court that the appeal is frivolous.") (citations omitted)). We grant counsel's motion to withdraw that was carried with the case on December 13, 2011. Within five days of the date of this Court's opinion, counsel is ordered to send a copy of the opinion and judgment to appellant and to advise appellant of his right to pursue a petition for review.[4] *See* Tex. R. App. P. 48.4; *see also In re Schulman*, 252 S.W.3d at 412 n.35; *Ex parte Owens*, 206 S.W.3d 670, 673 (Tex. Crim. App. 2006).

---

[4]No substitute counsel will be appointed. Should appellant wish to seek further review of this case by the Texas Court of Criminal Appeals, he must either retain an attorney to file a petition for discretionary review or file a pro se petition for discretionary review. Any petition for discretionary review must be filed within thirty days from the date of either this opinion or the last timely motion for rehearing that was overruled by this Court. *See* TEX. R. APP. P. 68.2. Any petition for discretionary review must be filed with this Court, after which it will be forwarded to the Texas Court of Criminal Appeals. *See id.* at R. 68.3, 68.7. Any petition for discretionary review should comply with the requirements of Rule 68.4 of the Texas Rules of Appellate Procedure. *See id.* at R. 68.4.

## IV. CONCLUSION

The judgment of the trial court is affirmed.

NELDA V. RODRIGUEZ
Justice

Do not publish.
TEX. R. APP. P. 47.2(b).

Delivered and filed the 16th
day of February, 2012.

5